1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT

9                            EASTERN DISTRICT OF CALIFORNIA

10

11    NATALI GUIZAR,                         )    1:11-cv-00285-JLT HC
                                             )
12                        Petitioner,        )    ORDER REQUIRING PETITIONER TO FILE
                                             )    AMENDED PETITION
13          v.                               )
                                             )    THIRTY DAY DEADLINE
14                                           )
      HARTLEY,                               )
15                                           )
                          Respondent.        )
16    _____)

17

18          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19    pursuant to 28 U.S.C. § 2254.

20          On February 17, 2011, Petitioner filed the instant petition for writ of habeas corpus.  (Doc. 1).

21    Petitioner challenges the California court decisions upholding a May 27, 2009, decision of the

22    California Board of Parole Hearings ("BPH"), finding Petitioner unsuitable for parole.  Petitioner

23    claims there was no evidence presented that he posed a current risk of danger to the public if released

24    on parole and that the BPH's decision was arbitrary and was not based on "some evidence" in the

25    record.  Petitioner also contends that the application of Proposition 9 to his case violates the federal

26    Ex Post Facto Clause.

27          I.  Preliminary Screening of the Petition.

28          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition

if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990). Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420. Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II. Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997). The instant petition was filed on February 17, 2011, and thus, it is subject to the provisions of the AEDPA.

Here, Petitioner alleges that he is an inmate of the California Department of Corrections and Rehabilitation who is serving a sentence of life with the possibility of parole imposed after Petitioner's conviction for attempted murder with a gun enhancement. (Doc. 1, p. 1). Petitioner does not challenge either his conviction or sentence; rather, Petitioner challenges the May 27, 2009 decision of the BPH finding him unsuitable for parole.

1  A.  <u>Substantive Due Process Claims And California's "Some Evidence" Standard</u>

2  As discussed more fully below, the claims in the petition sound exclusively in substantive

3  federal due process and therefore are not cognizable in these proceedings.

4  The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

5  Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

6  he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts

7  shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

8  custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

9  2254(a)(, 2241( c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); <u>Wilson v.</u>

10  <u>Corcoran</u>, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); <u>see also</u>, Rule 1 to the Rules Governing Section

11  2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

12  habeas corpus is an attack by a person in custody upon the legality of that custody . . ." <u>Preiser v.</u>

13  <u>Rodriguez</u>, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

14  U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

15  in a decision that was contrary to, or involved an unreasonable application of, clearly established

16  Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

17  was based on an unreasonable determination of the facts in light of the evidence presented in the

18  State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

19  Because California's statutory parole scheme guarantees that prisoners will not be denied

20  parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held

21  that California law creates a liberty interest in parole that may be enforced under the Due Process

22  Clause.  <u>Hayward v. Marshall</u>, 602 F.3d 546, 561-563 (9th Cir.2010); <u>Pearson v. Muntz</u>, 606 F.3d

23  606, 608-609 (9th Cir. 2010); <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213 (2010), <i>rev'd</i>, <u>Swarthout v.</u>

24  <u>Cooke</u>, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed

25  reviewing federal district courts to determine whether California's application of California's "some

26  evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light

27  of the evidence.  <u>Hayward v. Marshall</u>. 603 F.3d at 563; <u>Pearson v. Muntz</u>, 606 F.3d at 608.

28  On January 24, 2011, the Supreme Court issued a <i>per curiam</i> opinion in <u>Swarthout v. Cooke</u>,

562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the

United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the

Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth

Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty

interest.  Swarthout, 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements

set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct.

2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates'

claims that they were denied a liberty interest because there was an absence of "some evidence" to

support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners.  (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

The Court concluded that the petitioners had received the due process to which they were

due:

> They were allowed to speak at their parole hearings and to contest the evidence against them, were afforded access to their records in advance, and were notified as to the reasons why parole was denied...
>
> That should have been the beginning and the end of the federal habeas courts' inquiry into whether [the petitioners] received due process.

Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some

evidence" rule is not a substantive federal requirement, and correct application of the State's "some

evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court

---

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

1   emphasized that "the responsibility for assuring that the constitutionally adequate procedures

2   governing California's parole system are properly applied rests with California courts, and is no part

3   of the Ninth Circuit's business."  Id.

4        Swarthout forecloses any claim premised upon California's "some evidence" rule because

5   this Court cannot entertain substantive due process claims related to a state's application of its own

6   laws.  Here, Grounds Two and Three in the petition sound exclusively in substantive due process and

7   are therefore foreclosed by Swarthout.  Review of the record for "some evidence," or for a "nexus"

8   between present dangerousness and certain indicia, or reliance upon the circumstances of the

9   commitment offense to support denial of parole, are simply not within the scope of this Court's

10   habeas review under 28 U.S.C. § 2254.  Accordingly, those two claims, as presently stated, would be

11   summarily dismissed.

12        Moreover, to the extent that those two claims rest solely on state law, they are not cognizable

13   on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that does not rise

14   to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16

15   (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in the

16   application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

17   616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state

18   law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

19        B.   Procedural Due Process

20        Petitioner has neither claimed nor established a violation of his federal right to procedural

21   due process.  Nor has Petitioner included a transcript of the BPH hearing.  Accordingly, even if

22   Petitioner wishes to make a claim of a violation of procedural due process in an amended petition,

23   the Court, without access to the BPH transcript, would be unable to conduct an analysis of whether

24   Petitioner's procedural due process rights have been violated.  In order for Petitioner to proceed on

25   such procedural due process claims, it is imperative that he include, along with his amended petition,

26   a full transcript of the BPH's May 27, 2009 hearing.  It must be emphasized that, in order to proceed

27   with such a claim, it is Petitioner's burden to present evidence showing a violation of his procedural

28   due process rights, i.e., either that he was not present at the BPH hearing, that he was not given an

1    opportunity to be heard at the hearing, that he was not represented by counsel, or that he was not

2    given a statement of the Board's reasons for denying parole.

3            According to the Supreme Court, when all of the above factors are present, this is "the

4    beginning and the end of the federal habeas courts' inquiry into whether [the prisoner] received due

5    process." Swarthout, 2011 WL 197627.  "The Constitution does not require more [process]."

6    Greenholtz, 442 U.S. at 16.  Thus, unless Petitioner has some basis to assert that one of those factors

7    has not been met in his case, asserting a procedural due process claim in an amended petition would

8    be frivolous.

9            C.   Proposition 9 Violates The Federal Ex Post Facto Clause

10           In Ground One, Petitioner contends that Proposition 9, which permits the BPH to delay an

11   inmate's next parole hearing for up to fifteen years, is a violation of the Ex Post Facto clause of the

12   federal constitution.  The Court disagrees.

13           "The States are prohibited from enacting an ex post facto law." Garner v. Jones, 529 U.S.

14   244, 249 (2000)(citing U.S. Const., art. I, § 10, cl. 1).  "One function of the Ex Post Facto Clause is

15   to bar enactments which, by retroactive operation, increase the punishment for a crime after its

16   commission." Id.  Although retroactive changes in laws governing parole of inmates may violate the

17   Ex Post Facto Clause, "not every retroactive procedural change creating a risk of affecting an

18   inmate's terms or conditions of confinement is prohibited." Id. at 250.  A retroactive procedural

19   change violates the Ex Post Facto Clause when it "creates a significant risk of prolonging [an

20   inmate's] incarceration." Id. at 251.  A "speculative" or "attenuated" risk of prolonging incarceration

21   is insufficient to establish a violation of the Ex Post Facto Clause. Cal. Dept. Of Corr. V. Morales,

22   514 U.S. 499, 509 (1995).  Thus, in order to establish an Ex Post Facto Clause violation, (1) an

23   inmate must show that Proposition 9, on its face, creates a significant risk of increasing the

24   punishment of California life-term inmates, or (2) the inmate must "demonstrate, by evidence drawn

25   from [Proposition 9's] practical implementation...that its retroactive application will result in a longer

26   period of incarceration than under the [prior law]." Garner, 529 U.S. at 255.

27           Prior to the enactment of Proposition 9, California law required that a state inmate receive an

28   annual parole hearing unless, when certain circumstances were present, the BPH scheduled the

1   hearing for between two and five years hence.  Cal. Pen. Code § 3041.5(b)(2).  In 2010, Proposition

2   9 amended California law to eliminate the annual parole hearing and permit the BPH to schedule

3   future hearings between three and fifteen years hence.  Cal. Pen. Code § 3041.5(b)(3)(2010).

4          In <u>Gilman v. Schwarzenegger</u>, 2011 WL 198435  (9th Cir. Jan. 24, 2011), the Ninth Circuit

5   rejected an inmate's ex post facto challenge to Proposition 9.  After noting that "Proposition 9 did

6   not increase the statutory punishment for any particular offense, did not change the date of inmates'

7   initial parole hearings, and did not change the standard by which the Board determined whether

8   inmates were suitable for parole," the Court went on to consider the effect of the greater delays

9   between parole hearings on the inmate's period of incarceration, and concluded that no federal

10  violation occurred:

> Even assuming, without deciding, that the statutory changes decreasing the frequency of scheduled hearings would create a risk of prolonged incarceration, the availability of advance hearings is relevant to whether the changes in the frequency of parole hearings create a significant risk that prisoners will receive a greater punishment.  <u>Garner</u>, 529 U.S. at 256-257; <u>Morales</u>, 514 U.S. at 512.
> ...
> Here, advance hearings are explicitly made available by statute: 'The board may in its discretion...advance a hearing...to an earlier date, when a change in circumstances or new information establishes a reasonable likelihood that consideration of the public and victim's safety does not require the additional period of incarceration of the prisoner.' Cal. Penal Code § 3041.5(b)(4).  The Board may exercise its discretion to hold an advance hearing sua sponte or at the request of a prisoner.  A prisoner may request an advance hearing by submitting a written request that 'set[s] forth the change in circumstances or new information that establishes a reasonable likelihood that consideration of the public safety does not require the additional period of incarceration.' <u>Id</u>. § 3041.5(d)(1).  The Board's decision to deny a prisoner's request for an advance hearing is subject to judicial review.  <u>Id</u>. § 3041.5(d)(2).  Here, as in <u>Morales</u>, an advance hearing by the Board 'would remove any possibility of harm' to prisoners because they would not be required to wait a minimum of three years for a hearing.  514 U.S. at 513.

21  <u>Gilman</u>, 2011 WL at *5-6.

22         The Ninth Circuit concluded that "[t]here were no facts in the record from which the district

23  court could infer that Proposition 9 created a significant risk of prolonging Plaintiff's incarceration."

24  <u>Id</u>. at * 8.  Accordingly, Ground One, if presented to the Court for consideration of its merits, would

25  be summarily rejected.

26         In sum, all three grounds, as presently presented to this Court, are subject to summary

27  dismissal for failure to state claims for which habeas relief can be granted.  If Petitioner wishes to

28  pursue claims of procedural due process–failure to attend the hearing or not receiving a statement of

1   reasons for the BPH's decision–he must include with his amended petition a complete transcript of

2   the May 27, 2009 BPH hearing.  If Petitioner fails to file an amended petition within thirty days from

3   the date of service of this order, the Court will assume he is conceding that summary dismissal of the

4   claims in the instant petition is appropriate and the Court will, accordingly, summarily dismiss the

5   petition.

6                                              **ORDER**

7          Accordingly, IT IS HEREBY ORDERED:

8          1.        That Petitioner is granted thirty (30) days from the date of service of this order to file

9                    an amended petition.  Petitioner is advised that the amended petition should be clearly

10                   entitled "Amended Petition for Writ of Habeas Corpus."  Petitioner is advised that the

11                   petition must set forth his claim(s), including all the facts and arguments in support of

12                   said claim(s).  With respect to any claims raised in an amended petition, Petitioner

13                   must have presented those claims, either in his original state court appeal or through a

14                   subsequent state habeas corpus petition, to the California Supreme Court prior to

15                   raising them in this Court.  It is Petitioner's responsibility to advise the Court in his

16                   amended petition of the dates when the state courts ruled on the issues Petitioner

17                   raised.  <u>The Court will not consider the original petition</u>.   Petitioner is reminded that

18                   each claim *must* state a cognizable federal claim.  ***Moreover, if Petitioner wishes to***

19                   ***pursue <u>substantive</u> due process claims regarding the May 27, 2009 BPH hearing,***

20                   ***i.e., lack of "some evidence" to support the Board's decision, the arbitrariness of***

21                   ***the BPH decision, or the Board's failure to properly find a nexus between present***

22                   ***dangerousness and specified factors in Petitioner's background, those claims are***

23                   ***subject to summary dismissal pursuant to the United States Supreme Court's***

24                   ***decision in <u>Swarthout</u>.  If Petitioner wishes to raise <u>procedural</u> due process claims***

25                   ***regarding the May 27, 2009 hearing, i.e., that Petitioner was not permitted to attend***

26                   ***the hearing or speak on his own behalf, or he was not given a statement of reasons***

27                   ***for the BPH's decision, he must supply a complete transcript of that hearing in***

28                   ***order for this Court to consider such claims***;

2.      The Clerk of Court is DIRECTED to send Petitioner a blank form petition for state

prisoners filing pursuant to § 2254.

Petitioner is forewarned that failure to follow this order will result in a recommendation for

dismissal of the petition pursuant to Local Rule 110.


IT IS SO ORDERED.

Dated:   **March 25, 2011**                                          **/s/ Jennifer L. Thurston**
                                                                                        UNITED STATES MAGISTRATE JUDGE