1

2

3

4

5

6

7 # UNITED STATES DISTRICT COURT

8 ### EASTERN DISTRICT OF CALIFORNIA

9

10

| | |
|---|---|
| NATALI GUIZAR, | 1:11-cv-00285-JLT HC |
| Petitioner, | ORDER SUMMARILY DISMISSING AMENDED PETITION FOR WRIT OF HABEAS CORPUS (Doc. 8) |
| v. | |
| HARTLEY, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE |
| Respondent. | ORDER DECLINING ISSUANCE OF CERTIFICATE OF APPEALABILITY |

11

12

13

14

15

16

17

18         Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

19 pursuant to 28 U.S.C. § 2254.  On April 11, 2011, Petitioner filed his written consent to the

20 jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 6).

21         On February 17, 2011, Petitioner filed the original petition for writ of habeas corpus.  (Doc.

22 1).  Petitioner challenges the California court decisions upholding a May 27, 2009, decision of the

23 California Board of Parole Hearings ("BPH").  Petitioner claims the California courts unreasonably

24 determined that there was some evidence that he posed a current risk of danger to the public if

25 released on parole and that the BPH's decision was arbitrary and was not based on "some evidence"

26 in the record.

27         The original petition did not contain a transcript of the BPH hearing.  Accordingly, the Court

28 ordered Petitioner to file an amended petition that included a transcript of the relevant hearing.

(Doc. 4).  On April 21, 2011, Petitioner filed the first amended petition and appended a transcript of the May 27, 2009 hearing.  (Doc. 8).

I.  Preliminary Screening of the Petition.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...."  Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th cir. 1990).  Habeas Rule 2( c) requires that a petition (1) specify all grounds of relief available to the Petitioner; (2) state the facts supporting each ground; and (3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error.  Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski, 915 F.2d at 420.  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908 F.2d at 491.

Further, the Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

II.  Failure to State a Claim Cognizable Under Federal Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  The instant petition was filed on February 17,  2011, and thus, it is subject to the provisions of the AEDPA.

Here, Petitioner alleges that he is an inmate of the California Department of Corrections and

1   Rehabilitation who is serving an unspecified  sentence imposed in the Los Angeles County Superior

2   Court after Petitioner's March 9, 1993 conviction for attempted murder.  (Doc. 8, p. 16).  Petitioner's

3   minimum eligible parole date was June 10, 2010.  (Id., p. 17).  Petitioner does not challenge either

4   his conviction or sentence; rather, Petitioner challenges May 27, 2009 decision of the BPH finding

5   him unsuitable for parole.

6        Petitioner raises a single ground for relief, i.e., that the BPH decision violated procedural due

7   process, equal protection, and Petitioner's liberty interest by refusing to set Petitioner's term of

8   imprisonment proportionate to the commitment offense, even though Petitioner had already

9   completed serving the time normally prescribed for such an offense.  (Doc. 8, p. 3).

10        A.  Substantive Due Process Claims And California's "Some Evidence" Standard

11        As discussed more fully below, the claim in the amended petition sounds exclusively in

12   substantive federal due process and therefore is not cognizable in these proceedings.

13        The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of

14   Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless

15   he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states that the federal courts

16   shall entertain a petition for writ of habeas corpus only on the ground that the petitioner "is in

17   custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. §§

18   2254(a)(, 2241( c)(3); Williams v. Taylor, 529 U.S. 362, 375 n. 7, 120 S.Ct. 1495 (2000); Wilson v.

19   Corcoran, 562 U.S. ___, 131 S.Ct. 13, 16 (2010); see also, Rule 1 to the Rules Governing Section

20   2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of

21   habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v.

22   Rodriguez, 411 U.S. 475, 484 (1973).  Furthermore, in order to succeed in a petition pursuant to 28

23   U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court resulted

24   in a decision that was contrary to, or involved an unreasonable application of, clearly established

25   Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that

26   was based on an unreasonable determination of the facts in light of the evidence presented in the

27   State court proceeding. 28 U.S.C. § 2254(d)(1), (2).

28        Because California's statutory parole scheme guarantees that prisoners will not be denied

parole absent some evidence of present dangerousness, the Ninth Circuit Court of Appeals has held that California law creates a liberty interest in parole that may be enforced under the Due Process Clause.  Hayward v. Marshall, 602 F.3d 546, 561-563 (9th Cir.2010); Pearson v. Muntz, 606 F.3d 606, 608-609 (9th Cir. 2010); Cooke v. Solis, 606 F.3d 1206, 1213 (2010), rev'd, Swarthout v. Cooke, ___ U.S.___, ___ S.Ct. ___, 2011 WL 197627 (Jan. 24, 2011).  The Ninth Circuit instructed reviewing federal district courts to determine whether California's application of California's "some evidence" rule was unreasonable or was based on an unreasonable determination of the facts in light of the evidence.  Hayward v. Marshall. 603 F.3d at 563; Pearson v. Muntz, 606 F.3d at 608.

On January 24, 2011, the Supreme Court issued a per curiam opinion in Swarthout v. Cooke, 562 U.S.___, ___ S.Ct. ___, 2011 WL 197627 (No. 10-133, Jan. 24, 2011).  In that decision, the United States Supreme Court characterized as reasonable the decision of the Court of Appeals for the Ninth Circuit that California law creates a liberty interest in parole protected by the Fourteenth Amendment's Due Process Clause, which in turn requires fair procedures with respect to the liberty interest.  Swarthout, 2011 WL 197627, *2.

However, the procedures required for a parole determination are the minimal requirements set forth in Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 12, 99 S.Ct. 2100 (1979).[1]  Swarthout v. Cooke, 2011 WL 197627, *2.  In Swarthout, the Court rejected inmates' claims that they were denied a liberty interest because there was an absence of "some evidence" to support the decision to deny parole.  In doing so, the High Court stated as follows:

> There is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners. (Citation omitted.)  When, however, a State creates a liberty interest, the Due Process Clause requires fair procedures for its vindication–and federal courts will review the application of those constitutionally required procedures.  In the context of parole, we have held that the procedures requires are minimal.  In Greenholtz, we found that a prisoner subject to a parole statute similar to California's received adequate process when he was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied.  (Citation omitted.)

Swarthout, 2011 WL 197627, *2.

_____

[1] In Greenholtz, the Court held that a formal hearing is not required with respect to a decision concerning granting or denying discretionary parole and that due process is sufficient to permit the inmate to have an opportunity to be heard and to be given a statement of reasons for the decision made.  Id. at 15-16.  The decision maker is not required to state the evidence relied upon in coming to the decision.  Id.

1    The Court concluded that the petitioners had received the due process to which they were

2    due:

3         They were allowed to speak at their parole hearings and to contest the evidence against them,
         were afforded access to their records in advance, and were notified as to the reasons why
4         parole was denied...

5         That should have been the beginning and the end of the federal habeas courts' inquiry into
         whether [the petitioners] received due process.
6

7    Swarthout, 2011 WL 197627, *3.  The Court went on to expressly point out that California's "some

8    evidence" rule is not a substantive federal requirement, and correct application of the State's "some

9    evidence" standard is not required by the federal Due Process Clause.  Id. at *3.  The Supreme Court

10   emphasized that "the responsibility for assuring that the constitutionally adequate procedures

11   governing California's parole system are properly applied rests with California courts, and is no part

12   of the Ninth Circuit's business."  Id.

13        Swarthout forecloses any claim premised upon California's "some evidence" rule because

14   this Court cannot entertain substantive due process claims related to a state's application of its own

15   laws.  Here, the claim in the petition sounds exclusively in substantive due process and is therefore

16   foreclosed by Swarthout.  Review of the record for "some evidence," or for a "nexus" between

17   present dangerousness and certain indicia, or reliance upon the circumstances of the commitment

18   offense to support denial of parole, or the failure of the BPH to fix Petitioner's term of imprisonment

19   to a period commensurate with the crime, are claims that are simply not within the scope of this

20   Court's habeas review under 28 U.S.C. § 2254.  Accordingly, the petition should be summarily

21   dismissed.

22        Moreover, to the extent that the claim in the petition rests solely on state law, it is not

23   cognizable on federal habeas corpus.  Federal habeas relief is not available to retry a state issue that

24   does not rise to the level of a federal constitutional violation.  Wilson v. Corcoran, 562 U.S. ___, 131

25   S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S.Ct. 475 (1991).  Alleged errors in

26   the application of state law are not cognizable in federal habeas corpus.  Souch v. Schiavo, 289 F.3d

27   616, 623 (9th Cir. 2002).  Indeed, federal courts are bound by state court rulings on questions of state

28   law. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), cert. denied, 493 U.S. 942 (1989).

1    B.   Procedural Due Process

2         Although Petitioner has claimed a violation of his federal right to procedural due process, he

3    has failed to established that this right has been violated by Respondent.  Along with the amended

4    petition, Petitioner has included a transcript of the BPH hearing.  (Doc. 8, pp. 14 et seq.).  From that

5    transcript, it is clear that Petitioner was present at the BPH hearing (id., p. 16), that he had an

6    opportunity to be heard (e.g., id., pp. 31-100), that he was represented by counsel who also attended

7    the hearing and argued on Petitioner's behalf (e.g., id., pp. 101-104), and that Petitioner received a

8    statement of the Board's reasons for denying  parole.  (Doc. 1, pp. 106-121).

9         According to the Supreme Court, this is "the beginning and the end of the federal habeas

10   courts' inquiry into whether [the prisoner] received due process."  Swarthout, 2011 WL 197627.

11   "The Constitution does not require more [process]."  Greenholtz, 442 U.S. at 16.  Therefore, the

12   instant amended petition does not present cognizable claim for relief and should be summarily

13   dismissed.

14        Moreover, the Court declines to issue a certificate of appealability.  A state prisoner seeking a

15   writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition,

16   and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S. 322, 335-36

17   (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28

18   U.S.C. § 2253, which provides as follows:

19           (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
             district judge, the final order shall be subject to review, on appeal, by the court
20           of appeals for the circuit in which the proceeding is held.

21           (b) There shall be no right of appeal from a final order in a proceeding to test the
             validity of a warrant to remove to another district or place for commitment or trial
22           a person charged with a criminal offense against the United States, or to test the
             validity of such person's detention pending removal proceedings.

23
             (c)     (1) Unless a circuit justice or judge issues a certificate of appealability, an
24                   appeal may not be taken to the court of appeals from–

25                       (A) the final order in a habeas corpus proceeding in which the
                         detention complained of arises out of process issued by a State
26                       court; or

27                       (B) the final order in a proceeding under section 2255.

28               (2) A certificate of appealability may issue under paragraph (1) only if the

1    applicant has made a substantial showing of the denial of a constitutional right.

2        (3) The certificate of appealability under paragraph (1) shall indicate which
         specific issue or issues satisfy the showing required by paragraph (2).

3

4        If a court denies a petitioner's petition, the court may only issue a certificate of appealability

5    "if jurists of reason could disagree with the district court's resolution of his constitutional claims or

6    that jurists could conclude the issues presented are adequate to deserve encouragement to proceed

7    further." <u>Miller-El</u>, 537 U.S. at 327; <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  While the

8    petitioner is not required to prove the merits of his case, he must demonstrate "something more than

9    the absence of frivolity or the existence of mere good faith on his . . . part." <u>Miller-El</u>, 537 U.S. at

10   338.

11       In the present case, the Court finds that reasonable jurists would not find the Court's

12   determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

13   deserving of encouragement to proceed further.  Petitioner has not made the required substantial

14   showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a

15   certificate of appealability.

16                                         **ORDER**

17       Accordingly, IT IS HEREBY ORDERED:

18       1) The amended petition for writ of habeas corpus (Doc. 8), is SUMMARILY DISMISSED

19       with prejudice;

20       2) The Clerk of Court is DIRECTED to enter judgment and close the case; and

21       3) The Court DECLINES to issue a certificate of appealability.

22

23   IT IS SO ORDERED.

24   Dated:   **May 4, 2011**                              **/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

25

26

27

28